United States District Court
Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   CARNEICE KATHRINE HALL-          Case No.  24-cv-05988-AMO
    JOHNSON,

8                    Plaintiff,      **ORDER GRANTING
                                     MOTION TO DISMISS**
9          v.
                                     Re: Dkt. No. 9
10  CITY AND COUNTY OF SAN
    FRANCISCO,

11
                    Defendant.

12

13

14          Before the Court is the City and County of San Francisco's motion to dismiss Plaintiff

15  Carneice Kathrine Hall-Johnson's complaint.  ECF 9.  The motion is fully briefed, and because it

16  was suitable for decision without oral argument, the Court vacated the January 9, 2025 hearing.

17  Having carefully considered the parties' papers and the arguments made therein, as well as the

18  relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons.

19  **I.     BACKGROUND**[1]

20          Hall-Johnson is a Black woman who resides in homeless shelters in San Francisco.  First

21  Amended Complaint ("FAC") (ECF 1-4) ¶ 1.  On August 2, 2023, Hall-Johnson called the leasing

22  agent at Kapuso at the Upper Yard in San Francisco, regarding Lottery Number 01195361, under

23  Live in/Work in San Francisco Preference, with a letter documenting homelessness attached,

24  ranked 4628.  FAC ¶ 26.  Hall-Johnson left a voicemail message, stating she was inquiring about

25  her priority status.  *Id.*  That same day, Hall-Johnson received a call from the leasing agent stating

26

27  _____
    [1] As it must, the Court accepts Hall-Johnson's factual allegations as true and construes the
28  pleadings in the light most favorable to her.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519
    F.3d 1025, 1031 (9th Cir. 2008).

1    he had not received any paperwork from the City, and that it "was strange because he received all

2    such documents for move-in interviews for all other applicant[s] with the Live in, Work in San

3    Francisco Preference with Letter Documenting Homelessness attached, and from looking at their

4    applications none of the selected applicants were black."  FAC ¶ 27.  Hall-Johnson then informed

5    the leasing agent that she was Black, and he said that must be the only reason she was not

6    prioritized for housing.  *Id.*  On August 11, 2023, Hall-Johnson filed a compensation claim with

7    the City Attorney's Office stating she was excluded from housing at Kapuso at the Upper Yard.

8    FAC ¶ 29.

9        Hall-Johnson, representing herself, initiated this action on August 11, 2023 by filing a

10   complaint in San Francisco Superior Court against the City and County of San Francisco (the

11   "City").  On October 23, 2023, Hall-Johnson filed an amended complaint alleging an equal

12   protection violation under 42 U.S.C. § 1983, and violations of the Fair Housing Amendments to

13   the Civil Rights Act of 1988, Title VI of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981.

14   FAC ¶¶ 30-50.  On August 26, 2024, the City removed the case to this Court.  On September 3,

15   2024, the City filed a motion to dismiss Hall-Johnson's FAC for failure to state a claim or,

16   alternatively, a motion for a more definite statement.  Hall-Johnson filed an opposition on

17   September 7, 2024, ECF 10, and the City's reply followed on September 24, 2024, ECF 14.

18   **II.    DISCUSSION**

19       The City moves to dismiss Hall-Johnson's complaint for failure to state a claim under

20   Federal Rule of Civil Procedure 12(b)(6).  Alternatively, the City seeks a more definite statement

21   pursuant to Federal Rule of Civil Procedure 12(e).  For the reasons discussed below, the Court

22   finds Hall-Johnson has failed to state a claim.

23       A complaint that fails to include "a short and plain statement of the claim showing that the

24   pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8 may be dismissed

25   pursuant to Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss, the factual

26   allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible

27   chance of success.' "  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re*

28   *Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).

United States District Court
Northern District of California

2

In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031 (citation omitted). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008)). "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Although courts should hold self-represented litigants to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[v]ague and conclusory allegations of civil rights violations are not sufficient to withstand a motion to dismiss," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Hall-Johnson asserts four causes of action arising from the City's alleged failure to prioritize her for housing because she is Black. Three of them require that Hall-Johnson allege she applied for housing and was denied based on her membership in a protected class. Her first cause of action[2] – an equal protection claim – requires that she allege facts plausibly showing that " 'the defendants acted with an intent or purpose to discriminate against [her] based upon membership in

---

[2] Hall-Johnson's first cause of action is titled as "Violation of Equal Protection 42 U.S.C. Section 1983; U.S. Const. Amend. V/XIV, Violation of Due Process Clauses, 'State-Created Danger Doctrine.' " FAC at 13. To the extent Hall-Johnson intends to bring a Fifth Amendment Due Process claim, it necessarily fails, as the Fifth Amendment due process clause only applies to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Moreover, insofar as she intended to bring due process claims or a claim under the state-created danger doctrine, the complaint is silent as to allegations supporting those claims and neither her opposition nor the City's briefing addresses such theories.

United States District Court
Northern District of California

a protected class.' " *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).[3] The third cause of action is a Title VI claim. Title VI prohibits discrimination in programs and activities that receive federal assistance, providing that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege defendants engaged in racial discrimination and receive federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001). "[V]iolations of equal protection and Title VI require similar proofs – plaintiffs must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *The Comm. Concerning Comty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009). Section 1981 of Title 42 of the U.S. Code "prohibits racial discrimination in the making and enforcement of private contracts," *Harrison v. Wells Fargo Bank, N.A.*, No. C 18-07824 WHA, 2019 WL 2085447, at *2 (N.D. Cal. May 13, 2019), and likewise requires a plaintiff to show intentional discrimination, *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987).[4]

      Hall-Johnson has not adequately alleged that she was discriminated against based on her

---

[3] A plaintiff may also allege an equal protection violation where similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601-02 (2008). Although the FAC alleges that "none of the selected applicants were black," FAC ¶ 27, the FAC lacks any allegations that the applicants were similarly situated or allegations regarding the state purpose, and Hall-Johnson addresses neither of these in her Opposition.

[4] As to her Section 1981 claim, Hall-Johnson cites to *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980), and alleges, *inter alia*, that she was rejected from the rental opportunity and it "remained available thereafter." FAC ¶ 46. This, however, is the standard for a Section 1982 claim. *See Phiffer*, 648 F.2d at 551. In any event, Hall-Johnson has not made out a Section 1982 claim, as she merely repeats the elements, and the FAC is devoid of any facts to support the conclusory allegation that the rental remained available. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

race.  Intentional discrimination "implies more than intent as volition or intent as awareness of consequences.  It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group."  *Pers. Adm'r of Mass. V. Feeney*, 442 U.S. 256, 279 (1979) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001)).  The FAC is devoid of allegations that the City knew she was Black.[5]  Hall-Johnson alleges that she informed the leasing agent over the phone that she was Black, and then the leasing agent told her "that have [sic] to be the only reason why you was [sic] not prioritized for housing . . . ."  FAC ¶ 27.  These allegations, without more, do not sufficiently allege that the decisionmaker who reviewed her application was aware Hall-Johnson was Black, much less discriminated against her on that basis.  *See Robinson*, 847 F.2d at 1316 (affirming summary judgment in favor of defendants as to Section 1981 and Title VII claims where there was "no showing by direct or indirect evidence that the decision-maker knew [plaintiff was Black]").  As alleged, at most the leasing agent's comments were speculative as to the reason her application was denied, and therefore Hall-Johnson has not plausibly alleged intentional discrimination.[6]  The FAC therefore fails to allege facts sufficient for the first, third, and fourth claims to survive the City's motion to dismiss.

Hall-Johnson's remaining cause of action is a claim under the Fair Housing Amendments Act, which "extended the Fair Housing Act's protection against discrimination in the sale or rental of housing to those with disabilities."  *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008).  The Amendments prohibit "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."  42 U.S.C. § 3604(f)(2)(A).  There are no allegations

---

[5] The Court also notes Hall-Johnson fails to explicitly allege that she submitted an application for housing, as well as when she applied.  Any amended complaint should so allege.

[6] Hall-Johnson's Section 1981 claim is also deficient because plaintiffs bringing a Section 1981 claim against state actors must establish that their alleged injury was the result of defendants' policy or custom.  *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1046 n.3 (9th Cir. 2023).  The complaint includes allegations of a single incident, and contains no factual allegations that could be construed as allegations of a policy or custom.  Accordingly, the Section 1981 claim fails for this independent reason.

United States District Court
Northern District of California

1  in the FAC that Hall-Johnson has a disability nor that the City discriminated against her on that

2  basis.  Accordingly, the Court must dismiss the second cause of action.

3         In sum, the Court finds it appropriate to dismiss Hall-Johnson's FAC for failure to state a

4  claim, and **GRANTS** the City's motion.  However, because Hall-Johnson may be able to allege

5  additional facts sufficient to state a claim, the Court cannot conclude amendment would be futile,

6  and therefore dismisses the FAC with leave to amend.  *See Leadsinger, Inc. v. BMG Music Pub.*,

7  512 F.3d 522, 532 (9th Cir. 2008).  While Court liberally construes the pleadings of self-

8  represented plaintiffs, the FAC must "contain sufficient factual matter, accepted as true, to 'state a

9  claim for relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678.  Here, given the causes of

10  action alleged, any further amendment would need to include factual allegations tending to show

11  that the City was aware of Hall-Johnson's race or disability, and that it intentionally discriminated

12  against her on either (or both) bases.

13  **III.    CONCLUSION**

14         For the foregoing reasons, the City and County of San Francisco's motion is **GRANTED**

15  and Hall-Johnson's FAC is dismissed with leave to amend.  Hall-Johnson may file an amended

16  complaint no later than September 22, 2025.  In preparing a second amended complaint, Hall-

17  Johnson may wish to contact the Federal Pro Bono Project's Help Desk – a free service for self-

18  represented litigants – by calling (415)-782-8982 to make an appointment to obtain legal

19  assistance from a licensed attorney.  More information about the program is available online at the

20  Court's website, https://www.cand.uscourts.gov.

21

22         **IT IS SO ORDERED.**

23  Dated: August 18, 2025

24

25

26  **ARACELI MARTÍNEZ-OLGUÍN**
   **United States District Judge**

27

28

6