UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO MAYOR'S OFFICE OF HOUSING AND COMMUNITY DEVELOPMENT,<br><br>Defendant. | Case No. 24-cv-05988-AMO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

This suit alleges that Defendant City and County of San Francisco[1] denied Plaintiff Carneice Kathrine Hall-Johnson access to housing because of her race. Before the Court is the City and County of San Francisco's motion to dismiss Hall-Johnson's second amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss in part and **DENIES** it in part for the following reasons.

## I.    BACKGROUND[2]

Hall-Johnson is a Black woman who resides in homeless shelters in San Francisco.

---

[1] The City and County of San Francisco (the "City") was erroneously sued as "City and County of San Francisco Mayor's Office of Housing and Community Development." The City argues, and Hall-Johnson does not dispute, that to the extent Plaintiff is seeking to name the Mayor's Office of Housing and Community Development ("MOHCD") as a separate and distinct entity from the City and County of San Francisco, the Court should substitute in the City and County of San Francisco as defendant because the Mayor's Office lacks separate legal status from the County and therefore is incapable of suing or being sued in its own name.

[2] These facts are drawn from the allegations in Hall-Johnson's second amended complaint, which the Court accepts as true and construes in the light most favorable to Hall-Johnson. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

Second Amended Complaint ("SAC") (Dkt. No. 19) ¶ 1. On February 25, 2023, Hall-Johnson completed a rental application for Kapuso at the Upper Yard ("Kapuso") through San Francisco's Housing Portal. *Id.* ¶ 26. In her application, Hall-Johnson identified her race as "Black/African American." *Id.* Despite meeting all eligibility requirements to reside at Kapuso, Hall-Johnson did not receive an interview. *Id.* ¶ 31.

On August 2, 2023, Hall-Johnson called the leasing agent at Kapuso, regarding "Lottery Number 01195361, under Live in/Work in San Francisco Preference, with Letter Documenting Homeless Status attached, ranked 4628." *Id.* ¶ 27. Hall-Johnson left a voicemail message, stating she was inquiring about her priority status. *Id.* That same day, Hall-Johnson spoke with the leasing agent, who informed her that he had not received her paperwork from the City of San Francisco, though he had received paperwork for other applicants with the same preference and documentation. *Id.* ¶ 31. The leasing agent told Hall-Johnson that "none of the selected applicants with homelessness documentation were Black." *Id.* Hall-Johnson then told the leasing agent that she was Black, and the leasing agent responded, "that must be the only reason she was not prioritized for housing." *Id.* The leasing agent also stated that "the matter was beyond his control" because the City and County of San Francisco Mayor's Office of Housing and Community Development owns Kapuso, "such that the leasing agent was the property manager, an agent for the City and County of San Francisco's Mayor's Office of Housing and Community Development and did not make decisions on who is selected for housing priority preference." *Id.* ¶ 33. Further, "[u]pon information and belief," "non-Black applicants who also selected the 'Live in San Francisco Preference' and uploaded a Letter Documenting Homelessness were advanced to interviews and prioritized for housing at Kapuso[.]" *Id.* ¶ 32. The non-Black applicants were "similarly situated to [Hall-Johnson] in all material ways[.]" *Id.* ¶ 29.

Hall-Johnson, representing herself, initiated this action on August 11, 2023, by filing a complaint in San Francisco Superior Court. Dkt. No. 1-3. On October 23, 2023, Hall-Johnson filed an amended complaint, Dkt. No. 1-4, and on August 26, 2024, the City removed the case to federal court. Dkt. No. 1. The City then filed a motion to dismiss the first amended complaint for failure to state a claim. Dkt. No. 9. The Court granted the City's motion with leave to amend on

2

August 18, 2025.  Hall-Johnson filed her SAC on September 14, 2025, alleging an equal protection violation under 42 U.S.C. § 1983, and violations of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), 42 U.S.C. § 1981, and the Fair Housing Act (42 U.S.C. § 3604).  Dkt. No. 20.  On October 29, 2025, the City filed a motion to dismiss.  Dkt. No. 22.  On November 1, 2025, Hall-Johnson filed an opposition, Dkt. No. 23, and the City's reply followed on November 19, 2025, Dkt. No. 24.[3]

## II.     LEGAL STANDARD

A complaint that fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8 may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' "  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).  In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek*, 519 F.3d at 1031 (citation omitted).  "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)).  "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962,

---

[3] On December 15, 2025, Hall-Johnson filed a sur-reply without leave of Court.  Dkt. No. 26. Because sur-replies are not allowed without leave of court, the Court STRIKES Hall-Johnson's sur-reply and did not consider it in ruling on the City's motion to dismiss.  *See* Civ. L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]").

United States District Court
Northern District of California

United States District Court
Northern District of California

969 (9th Cir. 2009). Although courts should hold self-represented litigants to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[v]ague and conclusory allegations of . . . civil rights violations are not sufficient to withstand a motion to dismiss," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION
#### A. Claim One (42 U.S.C. § 1983), Claim Two (42 U.S.C. § 2000d), Claim Three (42 U.S.C. § 1981)

Hall-Johnson asserts four causes of action arising from the City's alleged failure to prioritize her for housing because she is Black. Three of them require that Hall-Johnson allege she applied for housing and was denied based on her membership in a protected class. Hall-Johnson's first cause of action, an equal protection claim, requires that she allege facts plausibly showing " 'the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class.' " *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).[4] Hall-Johnson's second cause of action is a Title VI claim. Title VI prohibits discrimination in programs and activities that receive federal assistance, providing that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege defendants engaged in racial discrimination and receive federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds by *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001). "[V]iolations of equal protection and Title VI require similar proofs – plaintiffs must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent

---

[4] Hall-Johnson also alleges that the City advanced housing applications for "similarly situated non-Black applicants[,]" SAC ¶ 40, "without a rational basis[,]" *id.* ¶ 38. While a plaintiff may also allege an equal protection violation where similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *see Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601-02 (2008), Hall-Johnson offers no factual support for these assertions and such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

or purpose to discriminate based upon plaintiffs' membership in a protected class." *The Comm. Concerning Comty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009). Hall-Johnson's third cause of action is brought pursuant to Section 1981 of Title 42 of the U.S. Code, which "prohibits racial discrimination in the making and enforcement of private contracts," *Harrison v. Wells Fargo Bank*, N.A., No. C 18-07824 WHA, 2019 WL 2085447, at *2 (N.D. Cal. May 13, 2019), and likewise requires a plaintiff to show intentional discrimination, *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987).

Hall-Johnson has not adequately alleged that she was intentionally discriminated against based on her race. Intentional discrimination "implies more than intent as volition or intent as awareness of consequences; it implies that the decisionmaker selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). The Court previously found that Hall-Johnson failed to allege intentional discrimination because she did not allege the City knew she was Black. Dkt. No. 19 at 5. While Hall-Johnson now alleges that the City knew she was Black because her race was included in her rental application, SAC ¶ 26, she still does not provide facts showing that the decisionmaker who reviewed her application intentionally discriminated against her based on her race. The only factual allegation brought by Hall-Johnson supporting the contention that the City purposefully discriminated against her is that the leasing agent told her that "none of the selected applicants with homelessness documentation were Black" and that Hall-Johnson's race "must be the only reason she was not prioritized for housing." *Id.* ¶ 31. As the Court previously stated in its order granting the City's first motion to dismiss, "at most the leasing agent's comments were speculative as to the reason her application was denied, and therefore Hall-Johnson has not plausibly alleged intentional discrimination." Dkt. No. 19 at 5. Hall-Johnson does not allege facts that support her conclusion that the leasing agent had any knowledge as to the City's policies, or as to the state of mind of the person or people deciding which applicants received interviews. Thus, the Court finds that Hall-Johnson has not adequately alleged that the City's decision not to interview her was "because of" her race. *Feeney*, 442 U.S. at 279.

5

United States District Court
Northern District of California

**B. Claim Four (42 U.S.C. § 3604)**

Hall-Johnson's fourth claim is brought under the Fair Housing Act, which makes it unlawful to "otherwise make unavailable or deny, a dwelling to any person because of race [or] national origin." 42 U.S.C. § 3604(2). The City's motion to dismiss does not address Hall-Johnson's Fair Housing Act claim. Instead, it challenges a previous claim brought by Hall-Johnson in her original complaint under the Fair Housing Amendments Act. Dkt. No. 22 at 7. But in the operative complaint, Hall-Johnson does not assert a cause of action under the Fair Housing Amendments Act. *See generally* SAC. Because the City's motion does not address any deficiencies in Hall-Johnson's Fair Housing Act claim, the Court denies the City's motion to dismiss as to claim four.

However, it appears that Hall-Johnson also needs to allege discriminatory intent in order to establish a disparate treatment claim under the Fair Housing Act. *See Nat'l Fair Hous. All. v. Fed. Nat'l Mortg. Ass'n ("Fannie Mae")*, 294 F. Supp. 3d 940, 949 (N.D. Cal. 2018) ("In order to show disparate treatment based on race, 'a plaintiff must establish that the defendant was *motivated* to discriminate against the plaintiff on the basis of race.' " ) (emphasis in original) (citation omitted). Accordingly, the City may file a motion to dismiss Hall-Johnson's Fair Housing Act claim no later than February 12, 2026. Hall-Johnson may file an opposition brief no later than March 5, 2026. The City may file a reply brief no later than March 12, 2026.

**C. Leave to Amend**

Finally, the City argues that Hall-Johnson's complaint should be dismissed without leave to amend. Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Because Hall-Johnson has not cured deficiencies noted by the Court in its previous order granting the City's motion to dismiss, Dkt. No. 19, the Court finds that leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend may be denied if there is "repeated failure to cure deficiencies by amendments previously

6

allowed" or due to "futility of amendment").

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the City's motion to dismiss without leave to amend as to claims one, two, and three.  The Court **DENIES** the City's motion to dismiss as to claim four.  The City may file a motion to dismiss Hall-Johnson's remaining claim under the Fair Housing Act no later than February 12, 2026.  Hall-Johnson may file an opposition no later than March 5, 2026.  The City may file a reply no later than March 12, 2026.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

7